IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VANCILE ARTHUR WHITE, JR., et al.,

    **Plaintiffs,**

    v.

STORMONT VAIL HOSPITAL, et al.,

    **Defendants.**

Case No. 23-4054-JAR-RES

## MEMORANDUM AND ORDER

Plaintiffs Vancile Arthur White and Kayla Desiree White, proceeding *pro se* and *in forma pauperis*, filed this action on July 17, 2023, alleging several federal and state law claims arising out of Plaintiff Kayla Desiree White's medical treatment at Defendants Stormont Vail and St. Francis Hospitals, and both Plaintiffs' interactions with Defendants City of Topeka and the Kansas Department of Children and Families. Presiding United States Magistrate Judge Rachel E. Schwartz screened the complaint under 28 U.S.C. § 1915(e)(2)(B). Finding that the 48-page original complaint failed to contain a short and plain statement showing that Plaintiffs are entitled to relief, Judge Schwartz permitted them additional time to file an amended complaint that clarifies their factual and legal claims.[1] On August 7, 2023 Plaintiffs timely filed a shorter amended pleading,[2] but on re-screening, Judge Schwartz found it was still difficult to decipher.[3] In a detailed and lengthy Report and Recommendation, Judge Schwartz explained why each of Plaintiffs' federal claims fail to state a claim upon which relief may be granted and

---

[1] Doc. 9.

[2] Doc. 10.

[3] Doc. 11.

recommended that the undersigned dismiss them under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]  Judge Schwartz further recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.[5]  Before the Court is Plaintiffs' Objections to Report and Recommendation (Doc. 14).  As described below, the Court overrules and denies Plaintiffs' objections, adopts the Report and Recommendation, and dismisses the case.

## I.   Legal Standard

Under 28 U.S.C. § 636(b)(1), when a party files objections to a magistrate judge's report and recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[6]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court."[7]  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[8]

Because Plaintiffs proceed *pro se*, the Court construes their pleadings liberally.[9]  However, the Court does not assume the role of advocate.[10]  Also, Plaintiffs' *pro se* status does

---

[4] *Id.* at 7–25.

[5] *Id.* at 25–26.

[6] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

[7] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[8] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[9] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

[10] *Id.*

2

not excuse them from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]  Plaintiffs are not relieved from complying with the rules of the court or facing the consequences of noncompliance.[12]

## II.     Discussion

The Court has reviewed Plaintiffs' objections to the Report and Recommendation and finds that they are not sufficiently specific to enable de novo review of Judge Schwartz's opinion.  Plaintiffs generally complain that they were denied appointment of a medical expert council, and that Judge Schwartz should not have ruled that the original complaint did not comply with Fed. R. Civ. P. 8(a)'s short and plain statement requirement.  But these points of error do not pertain to the October 2, 2023 Report and Recommendation.[13]

Plaintiffs also generally assert that they have the right to exercise their constitutional rights and that they have suffered injuries as a result of the claims alleged in their pleadings.  But they do not address any of the specific reasons for Judge Schwartz's recommendation set forth her 27-page opinion.  That opinion explains why Plaintiffs' claims arising under the Americans with Disabilities Act, Title VII, and 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.  It also addressed claims Plaintiffs appear to assert on behalf of non-party Dorothy White and explains why Plaintiffs lack standing to raise such claims.  Plaintiffs offer no specific argument about how Judge Schwartz erred in concluding that these claims fail to state a claim.  Similarly, Plaintiffs generally object to Judge Schwartz's recommendation that the Court decline

---

[11] *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[12] *Id.* (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[13] *See* Doc. 9.

to exercise supplemental jurisdiction over the remaining state law claims, but fail to put forth specific reasons why this recommendation is in error.

"[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."[14] For the reasons set forth above, the Court finds that Plaintiffs' objections fail to preserve any specific issue for de novo review, and therefore the Court need not further address them.

Nonetheless, upon de novo review, the Court accepts Judge Schwartz's recommendation to dismiss this matter. When a party is granted leave to proceed *in forma pauperis*, the court must screen the party's complaint.[15] A court shall dismiss a plaintiff's case if the court determines the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[16] After Judge Schwartz granted Plaintiffs leave to proceed *in forma pauperis*, she liberally construed the Amended Complaint, determined that Plaintiffs' federal claims failed to state a claim upon which relief may be granted under the correct standards, and recommended dismissal of those claims under § 1915(e)(2)(B)(ii). Because she recommended dismissal of the federal claims, Judge Schwartz recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. The Court finds no error in these recommendations and adopts the Report and Recommendation as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Objections to Report and Recommendation (Doc. 14) are **overruled and denied**.

---

[14] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[15] 28 U.S.C. § 1915(e)(2).

[16] 28 U.S.C. § 1915(e)(2)(B).

4

**IT IS FURTHER ORDERED BY THE COURT** that the Court adopts as its own Magistrate Judge Schwartz's October 2, 2023 Report and Recommendation (Doc. 11).  In accordance with that Report and Recommendation, this case is hereby **dismissed in its entirety**.

**IT IS SO ORDERED.**

Dated: November 14, 2023

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE